# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL RUBIN, derivatively on behalf of MATCH GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH M. LEVIN, AMANDA GINSBERG, ANN L. MCDANIEL, THOMAS J. MCINERNEY, GLENN H. SCHIFFMAN, PAMELA S. SEYMON, ALAN G. SPOON, MARK STEIN, GREGG WINIARSKI, and SHARMISTHA DUBEY, <br><br> Defendants, <br><br> and <br><br> MATCH GROUP, INC., <br><br> Nominal Defendant. | C.A. No. 1:20-CV-00299-CFC |

## STIPULATION AND [PROPOSED] ORDER STAYING CASE

WHEREAS, on October 3, 2019, a securities class action lawsuit captioned *Crutchfield v. Match Group, Inc., et al.*, Case No. 3:19-cv-02356-C (the "Securities Class Action"), was filed in the United States District Court for the Northern District of Texas (the "Texas Court") alleging violations of the federal securities laws against certain defendants named in this derivative action.

WHEREAS, the Texas Court has appointed lead plaintiffs and lead counsel in the Securities Class Action and has ordered lead plaintiffs to file an amended complaint by April 13, 2020;

WHEREAS, defendants in the Securities Class Action intend to file a motion to dismiss on or before June 12, 2020;

WHEREAS, on February 28, 2020, Michael Rubin filed the instant shareholder derivative action in the District of Delaware;

WHEREAS, there is significant overlap between the factual allegations in this action and in the Securities Class Action; and

WHEREAS, the parties agree that a stay of this Action pending resolution of the motions to dismiss the Securities Class Action is appropriate because it will avoid inefficiencies and duplicative efforts and will better preserve the resources of the Court and the parties.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, by their undersigned counsel, subject to approval of the Court, as follows:

1.  Defendants are not required to respond to the complaint in this Action.

2.  Defendants hereby waive service of the complaint and any defense based upon sufficiency of service of process; provided, however, that Defendants' agreement to this stipulation and acceptance of service shall not constitute a waiver

of any other defense of any of the Defendants to the claims in this Action, including but not limited to defenses based upon lack of personal jurisdiction or subject matter jurisdiction, lack of standing, improper venue, or a defendant having been improperly named.

3. A temporary stay of this Action pending resolution of any motions to dismiss in the Securities Class Action is appropriate because it will avoid inefficiencies and duplicative effort and will better preserve the resources of the Court and the parties.

4. The proceedings in this Action shall be temporarily stayed pending the entry of an order on all motions to dismiss directed at the pleadings filed in the Securities Class Action; the stay shall remain in effect until the later of (a) the entry of an order on the pending motions to dismiss the Securities Class Action or, (b) to the extent the complaint in the Securities Class Action is amended, the entry of an order on any motions to dismiss any such amended complaints in the Securities Class Action (the "MTD Resolution Date").

5. Plaintiffs' and Defendants' agreement to this stipulation shall not prejudice in any respect their right to seek or oppose a further stay of this Action or to move for or oppose a dismissal or stay in favor of other pending lawsuits or transfer of venue, and Plaintiffs shall not assert that any delay by Defendants in

pursuing a further stay or seeking transfer on account of this stipulation as a basis for denying such relief upon the expiration of the stay contemplated herein.

6.  Unless the parties agree otherwise, Plaintiffs shall have sixty (60) days from the MTD Resolution Date to file an amended complaint in this Action or otherwise designate an operative complaint. Any answer, motions to dismiss, motions to transfer venue or other responses to the amended complaint (including supporting briefs, if applicable) shall be filed within sixty (60) days after filing of the amended complaint (or, in the event no amended complaint is filed during the sixty-day period after the MTD Resolution Date, within sixty (60) days after expiration of the time period for filing an amended complaint), with responses due sixty (60) days after filing of any such motion and replies due thirty (30) days thereafter.

7.  In the event Plaintiff files an amended complaint while the stay is pending, Defendants shall not be required to move, answer, plead, or otherwise respond to any such amended complaint during the pendency of the stay.

8.  Defendants shall promptly notify Plaintiff of the filing of any related derivative actions.

9.  Defendants shall promptly notify Plaintiff if a shareholder derivative lawsuit asserting substantially similar claims against Match Group, Inc.'s directors

based primarily on the same underlying factual allegations as this case (a "Related Derivative Action") is not stayed for a similar or longer duration than this action.

10. If Defendants produce documents or written discovery to plaintiffs in any Related Derivative Action, the Securities Class Action, or pursuant to a books and records demand that is primarily premised on the same underlying factual allegations as this case, during the pendency of the stay, Defendants agree to provide copies of such documents to Plaintiff, subject to execution of a mutually agreeable confidentiality agreement.

11. Plaintiff has the option to terminate the stay if a related derivative action is not stayed for a similar or longer duration by giving thirty (30) days' notice via email to counsel for Defendants.

12. If the Parties in the Securities Class Action, or in any related derivative actions, choose to pursue mediation or engage in formal settlement talks during the pendency of this stay, Defendants agree to include Plaintiff in such mediation or formal settlement talks.

Dated:  April 8, 2020

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RIGRODSKY & LONG, P.A. |
|---|---|
| /s/ Kenneth J. Nachbar | /s/ Brian D. Long |
| Kenneth J. Nachbar (#2067)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 351-9294<br>knachbar@mnat.com<br>    *Attorneys for Defendants* | Seth D. Rigrodsky (#3147)<br>Brian D. Long (#4347)<br>Gina M. Serra (#5387)<br>300 Delaware Avenue, Suite 1220<br>Wilmington, DE 19801<br>Telephone: (302) 295-5310<br>Facsimile: (302) 654-7530<br>Email: sdr@rl-legal.com<br>Email: bdl@rl-legal.com<br>Email: gms@rl-legal.com<br>    *Attorneys for Plaintiff* |

OF COUNSEL:

NORTON ROSE FULBRIGHT US LLP
Gerard G. Pecht
State Bar No. 15701800
gerard.pecht@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598

Robert L. Greeson
State Bar No. 24045979
robert.greeson@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7921

OF COUNSEL:

WEISSLAW LLP
David C. Katz
Mark D. Smilow
1500 Broadway, Suite 1600
New York, New York 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
dkatz@weisslawllp.com

IT IS SO ORDERED

DATED: _____, 2020

_____
HONORABLE COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE